UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Samuel Brown | Lucien Schmit, III | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 58, filed July 1, 2016)

## I.   INTRODUCTION

On January 14, 2016, plaintiff Jane Doe, a minor, by and through her parental Guardian *Ad Litem*, John Doe (collectively, "plaintiff"), filed the instant action against defendants: the Los Angeles Unified School District ("LAUSD"); Paul Revere Middle School and Magnet Center ("Paul Revere"); Steven Carnine ("Carnine"), a teacher at Paul Revere; Thomas Iannuci ("Iannucci"), the assistant principal of Paul Revere; Christopher Perdigao ("Perdigao"), the principal of Paul Revere; and Michelle King ("King"), the superintendent of LAUSD (collectively, "defendants"). Dkt. 1. On March 17, 2016, all of the defendants, with the exception of defendant Carnine, filed a motion to dismiss portions of plaintiff's complaint. Dkt. 38. On May 16, 2016, the Court granted in part and denied in part defendants' motion. Dkt. 47.

On June 14, 2016, plaintiff filed the operative First Amended Complaint ("FAC"). Dkt. 50. In the FAC, plaintiff asserts claims against defendants for: (1) Violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d—Hostile Racial Educational Environment; (2) Violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d—Intentional Discrimination on the Basis of Race; (3) Violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d—Intentional Discrimination on the Basis of Race by Failure to Provide Adequate Sensitivity Training; (4) Violation of 42 U.S.C. § 1983—Freedom of Speech; and (5) Violation of 42 U.S.C. § 1983—Equal Protection. In brief, plaintiff alleges that defendant Carnine, a teacher at plaintiff's former middle school, Paul Revere Middle School, made racially offensive comments to her and that the remaining defendants failed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

to take adequate steps to protect plaintiff from the hostile educational environment that erupted after she complained about Carnine's comments.

On July 1, 2016, defendants filed a motion to dismiss portions of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Dkt. 58. Specifically, defendants move to dismiss plaintiff's Third, Fourth, and Fifth claims for relief. Id. On July 11, 2016, plaintiff filed an opposition, Dkt. 62, and on August 1, 2016, defendants filed a reply, Dkt. 64. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts in her FAC: Plaintiff is a fourteen year old African-American female, who formerly attended Paul Revere Middle School, a charter school within LAUSD. FAC ¶¶ 3-4. In January of 2015, during the second semester of her 8th grade year, plaintiff was promoted to an honors level History course taught by defendant Carnine. Id. ¶¶ 22-23. On her first day of class, plaintiff entered Carnine's classroom and handed him her transfer slip. Id. ¶ 23. Carnine read the slip, looked at plaintiff, and asked: "Why are you in my class?" Id. Plaintiff explained that her former teacher had recommended that she be promoted to Carnine's honors level course. Id. Carnine then proceeded to look plaintiff from head to toe and said "*you* can sit over there"—placing emphasis on the word "you" and pointing to a seat in the front corner of the classroom several empty seats removed from the other students seated in the classroom at that time. Id. During the entire time plaintiff was a student in Carnine's class, she was the only African-American student in the class. Id. ¶ 24.

On or around January 16, 2015, and the Friday before Martin Luther King Day, Carnine gave a lesson on what he termed "racial tolerance." Id. ¶ 26. As part of this lesson, Carnine handed out questionaires to his students. Id. This questionnaire contained the following prompts: "What races do you feel get stereotyped the most?"; "What do you think of racism today?"; "List some stereotypes." Id. Carnine instructed

---

[1] Defendant Carnine once again has not joined in the other defendants' motion to dismiss. Nonetheless, for simplicity, the Court refers in this order to the moving defendants simply as defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

the students to fill out the questionnaire and then asked volunteers to read their answers aloud. Id. One white student volunteered and provided the following example of a stereotype: "African Americans are judged based upon athletic abilities and considered to be less intelligent or smart." Id. According to plaintiff, at this point Carnine interjected and said "Oh yeah. That is a good example. Black people are judged for not being smart because they are not smart. A lot of them are just athletes." Id. Carnine then provided his own example of a stereotype: "[I]f I am walking by myself at night, and there are two black guys following behind me, I am immediately going to get scared and think they are going to rob or hurt me." Id. Plaintiff alleges that while Carnine made these comments he stared at plaintiff. Id. Carnine ended the lesson by discussing the, then recent, incident in Ferguson, Missouri, in which a Caucasion police officer, Darren Wilson, shot and killed an African-American man, Michael Brown. Id. ¶ 28. Plaintiff states that Carnine opined, "the guy [Brown] was a thug and got what he deserved." Id. Plaintiff, who was at that time thirteen years old, avers that she felt hurt by Carnine's comments. Id. ¶ 34. Moreover, plaintiff states that at no point during the lesson did Carnine explicitly disavow or condemn any of the stereotypes. Id. ¶ 33.

According to plaintiff, Carnine's lesson was adapted from an "Anti-Bias Study Guide" published in 2000 by the New York branch of the Anti-Defamation League ("ADL"). Id. ¶ 27. In the ADL version of the lesson plan, teachers are instructed to offer the following examples of stereotypes: "all teenagers shoplift" and "third graders are babies." Id. The ADL version also does not instruct teachers to mention specific races, or to ask students to generate and read aloud common stereotypes of races they are not members of. Id.

After Carnines' "racial tolerance" lesson was over, several of plaintiff's classmates came up to her to ask if she felt okay about what had happened in class. Id. ¶ 35. Plaintiff returned home that evening in tears and told her parents about the stereotypes she was told were commonly attributed to people like her and her family. Id. ¶ 36. Plaintiff was out sick the following week. Id. ¶ 37. On January 27, 2015, plaintiff's parents attempted to contact Carnine regarding an upcoming test in his class. Id. ¶ 38. Pursuant to a school policy, plaintiff was entitled to a one day extension on assignments for every day she was out sick. Id. Plaintiff's parents left several voice messages for Carnine, whose only reply was a single voice message in which he mistook plaintiff for another student and said nothing about the extension. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

On January 28, 2015, plaintiff's mother contacted a school administrator, who told plaintiff's mother that she needed to write a note on plaintiff's behalf and that the administrator would personally deliver it to Carnine. Id. ¶ 39. Later that day, plaintiff returned to Carnine's classroom. Id. ¶ 40. When plaintiff arrived in Carnine's classroom he approached her holding the note her mother had written. Id. Carnine again asked plaintiff why she was in his class and she responded that she had "switched to honors." Id. According to plaintiff, Carnine then threw the note in her face. Id. Carnine then proceeded to address the whole class and stated: "You will not be getting your tests back on time because there are students who felt they needed more time to study so they did not take the test." Id.

Shortly thereafter, Carnine gave a lesson on the Civil War that plaintiff attended. Id. ¶ 45. In the course of this lesson, Carnine used the phrase "n-i-g-g-e-r lover." Id. Carnine explained that this word had been used as a negative term for President Abraham Lincoln. Id. Carnine did not actually speak this phrase, but rather spelled it aloud for the class. Id. Plaintiff contends that this phrase was not contained in any of the teaching materials or lesson plans provided or approved by LAUSD. Id. Nor did it appear in any of the required reading for Carnine's course. Id.

Following this incident, defendant Iannucci assured plaintiff's father that her complaints would be investigated. Id. ¶ 59. To this end, Iannucci selected seven students from Carnine's class and asked them to describe anything unusual that had happened in the last two weeks. Id. ¶ 63. Six out of the seven students mentioned Carnine's use of the "N-word." Id. ¶ 64. Iannucci was apparently satisfied by these responses and concluded that Carnine's conduct had been appropriate. Id. ¶ 68.

On March 18, 2015, plaintif filed a lawsuit in Los Angeles Superior Court alleging violations of the Unruh Civil Rights Act based on intentional discrimination by Carnine, Paul Revere, and LAUSD. Id. ¶ 78. Immediately after plaintiff filed her state court action, supervisors at Paul Revere removed Carnine from the classroom and ordered a more in-depth investigation into the propriety of his actions. Id. ¶¶ 79-80. Plaintiff alleges that, in response to her lawsuit, a large group of parents and student began pressuring Paul Revere to reinstate Carnine. Id. ¶ 81. According to plaintiff, these individuals viewed Carnine as the aggrieved party and believed his actions toward plaintiff had been appropriate. Id. Plaintiff further alleges that local parents and students started a Facebook page titled "Save Carnine" and began distributing an online petition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

demanding that Carnine be reinstated. Id. ¶ 83. Plaintiff alleges that posts on this site questioned her motives, dismissed her allegations, and threatened her safety. Id. Examples of these posts include: "Plaintiff must pay for lying"; plaintiff is "an attention whore"; plaintiff should be "home schooled"; "Kids are not being very nice to [plaintiff] at school but who could blame them"; "I hope Carnine countersues the family"; and "suing for emotional distress, I believe that's code for suing for money." Id. Plaintiff alleges that at least one of her teachers posted on this page and encouraged students and parents to pressure Paul Revere to reinstate Carnine. Id. ¶ 86.

In late March, 2015, plaintiff arrived at Paul Revere to find several news vans parked in front of the school. Id. ¶ 87. Plaintiff later learned that the media was there to cover her lawsuit and the public outcry against her. Id. Throughout the day, plaintiff was also accosted by several of her classmates. Id. For example, plaintiff alleges that when she arrived in her fourth-period classroom several of her white classmates were wearing t-shirts that said "Down with the black girl," "I hate [plaintiff]," "We hate [plaintiff]," "[plaintiff] is a bitch," and "Save Carnine." Id. These students also verbally assaulted plaintiff, calling her anorexic, a "bitch", and other expletives. Id. Plaintiff also alleges that during her lunch hour she encountered dozens of white students holding posters that said "Save Carnine," "Down with the black girl," and "Down with [plaintiff]." Id. ¶ 88. Plaintiff contends that these students spent the entire lunch period chanting phrases such as "down with the black girl" and "down with [plaintiff]." Id. Finally, plaintiff alleges that administrators at Paul Revere did nothing to stop these demonstrations despite a school policy expressly prohibiting student demonstrations during instructional periods. Id. ¶¶ 87-91.

Ultimately, Paul Revere Middle School and LAUSD reinstated Carnine as a teacher and he returned to the classroom shortly after he was initially removed. Id. ¶ 108. In or around November 2015, plaintiff dropped her state court action. Id. ¶ 137. Plaintiff filed the instant action in January 2016. Dkt. 1.

Although eligible to attend a public high school within LAUSD, plaintiff states that she does not feel safe doing so and has instead elected to attend a private school for her freshman year. Compl. ¶ 139. Plaintiff alleges that, at present, LAUSD does not provide any mandatory diversity and sensitivity training for its teachers and administrators. Id. ¶¶ 130-31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. ANALYSIS

As stated above, defendants move to dismiss plaintiff's Third Claim (intentional discrimination on the basis of race), Fourth Claim (retaliation in violation of plaintiff's First Amendment rights), and Fifth Claim (violation of equal protection). The Court addresses each of these claims in turn.

### A. Plaintiff's Third Claim—Intentional Discrimination on the Basis of Race by Failure to Provide Adequate Sensitivity Training

Plaintiff's Third Claim is for intentional discrimination on the basis of race in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d. In this claim, plaintiff alleges that, "by failing to implement sufficient training to promote tolerance and racial diversity in the classroom," defendants have discriminated against her and other African-American students. Plaintiff asserts this claim solely against defendants Paul Revere and LAUSD. "To plead a violation of Title VI, a plaintiff need only allege that the defendant is engaging in discrimination." Jones v. Beverly Hills Unified Sch. Dist., 2010 WL 1222016, at *5 (C.D. Cal. Mar. 24., 2010) (citing Monteiro v. Temple Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Here, plaintiff alleges that defendants Paul Revere and LAUSD are engaging in racial discrimination against plaintiff, and other African-American students, by failing to implement adequate racial sensitivity training for their employees and teachers. Plaintiff alleges that, at present, African-American students at Paul Revere and throughout LAUSD are underperforming their white peers and that this disparity is caused, at least in part, by the fact that LAUSD's employees and teachers receive inadequate racial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

sensitivity training. FAC ¶¶ 132-33. Plaintiff further alleges that LAUSD and Paul Revere's failure to provide any training related to diversity and racial sensitivity "constitutes reckless indifference to the disproportionately negative effects this lack of training has on African American students, and particularly plaintiff." Id. ¶ 129.

     The Court finds that plaintiff has failed to demonstrate that the failure of LAUSD and Paul Revere to provide racial sensitivity training constitutes unlawful discrimination in violation of Title VI. First and foremost, plaintiff cites no authority that requires LAUSD and Paul Revere to implement racial sensitivity training for their employees and teachers. While Title VI prohibits schools from engaging in unlawful discrimination, it does not require them to implement specific policies or to respond to discrimination in a particular manner. Moreover, what plaintiff has done in the FAC is identify a problem—the underperformance of African-American students—and a potential solution to that problem—implementing racial sensitivity training. But she has not alleged that defendants have done *nothing* to address the fact that African-American students are underperforming their white peers. And plaintiff does not allege that defendants have adopted policies to help other races and groups while not adopting similar policies to help African-American students. Rather, plaintiff has alleged that defendants have failed to implement racial sensitivity training for their teachers and employees and that, in plaintiff's view, this constitutes reckless indifference to the needs of African-American students. This is insufficient to state a claim for intentional discrimination in violation of Title VI.

     In addition, the Supreme Court has been explicit that Title VI "prohibits only intentional discrimination." Alexander v. Sandoval, 532 U.S. 275, 280 (2001). And, while "deliberate indifference" in the face of a known problem may rise to the level of "intentional discrimination," here plaintiff has failed to allege facts indicating that defendants were, in fact, deliberately indifferent to the needs of their African-American students. In the analogous case of Title IX, which prohibits discrimination on the basis of sex, the Supreme Court has explained that "deliberate indifference" requires school administrators to respond to problems facing their students in a manner that is "clearly unreasonable in light of the known circumstances." Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 648 (1999); see also Doe ex rel. Doe v. Dall. Indep. Sch. Dist., 220 F.3d 380, 384 (5th Cir. 2000) ("Officials may avoid liability under a deliberate indifference standard by responding reasonably to a risk of harm, 'even if the harm ultimately was not averted.' ") (quoting Farmer v. Brennan, 511 U.S. 825, 844

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

(1994)). In this case, while racial sensitivity training may have the potential to improve the performance of African-American students, plaintiff has failed to demonstrate that failing to implement such training is "clearly unreasonable" in these circumstances. Indeed, there may be many policies that could improve the performance of African-American students and it is difficult to say that any one policy will be more effective, let alone that the failure to adopt that policy amounts to unlawful discrimination.

Accordingly, for these reasons, the Court finds that plaintiff has failed to allege that defendants LAUSD and Paul Revere engaged in unlawful discrimination by failing to provide racial sensitivity training for their teachers and employees. The Court, therefore, GRANTS defendants' motion to dismiss plaintiff's Third Claim.

### B.  Plaintiff's Fourth Claim—Retaliation in Violation of Plaintiff's First Amendment Rights

Plaintiff's Fourth Claim is brought pursuant to 42 U.S.C. § 1983 and is for retaliation in violation of the First Amendment. A plaintiff asserting a section 1983 claim for retaliation in violation of the First Amendment must plead facts establishing:

> (1) [s]he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.

O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016). Further, "a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result; the plaintiff is not required to demonstrate that its speech was actually suppressed or inhibited." Arizona Student's Assoc. v. Arizona Board of Regents, —F. 3d—, 2016 WL 3082698, at *6 (9th Cir. Jun. 1, 2016) (citations omitted). If the plaintiff makes this showing, "the burden shifts to the [defendant] to show that it would have taken the same action even in the absence of the protected conduct." O'Brien, 818 F.3d at 932 (citations omitted). To survive a motion to dismiss pursuant to rule 12(b)(6), a plaintiff need only make a prima facie showing of retaliation in violation of the First Amendment. See Arizona Students Assoc., 2016 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

3082698, at *6-9; O'Brien, 818 F.3d at 932-36. Here, the Court finds that plaintiff has made such a showing.

Plaintiff has engaged in at least two activities protected by the First Amendment. First, plaintiff, through her parents, complained to school administrators about the conduct of defendant Carnine. See also Cain v. Tigard-Tualatin Sch. Dist. 23J, 262 F. Supp. 2d 1120, 1127 (D. Or. 2003) ("The First Amendment protects not only [a student's] right to associate with his parents who are speaking on his behalf, but also [his] right to speak freely"). Second, plaintiff filed an action in California state court. In their motion, defendants do not appear to dispute that these actions constitute protected activity under the First Amendment.

Next, plaintiff has alleged that defendants took actions that would "chill a person of ordinary firmness from continuing to engage in the protected activity." The test for this element is "generic and objective" and does not require a plaintiff to demonstrate that his or her speech was actually deterred. Here, plaintiff contends that defendants retaliatory conduct was their deliberate failure to protect plaintiff from peer-on-peer harassment. Specifically, plaintiff alleges that defendants allowed a student led rally, involving race-based attacks on plaintiff to commence and continue in direct violation of a district policy prohibiting rallies during instructional periods. FAC ¶¶ 88-90. Defendants also allegedly failed to reprimand or punish a single student involved in these rallies despite being aware that several students, many of whom were white, chanted phrases such as "down with the black girl" and "down with [plaintiff]," and despite the fact that this conduct violated LAUSD's anti-harassment policies. Id. ¶¶ 89-97. Finally, plaintiff contends that at no point, either during or after these rallies, did defendants ask her if she was okay or offer to protect her from the conduct of her fellow students. Id. ¶¶ 98-96.

Accepting these allegations as true, defendants deliberate inaction in the face of peer-to-peer harassment and failure to enforce district-wide anti-harassment policies constitutes the type of conduct that could "chill a person of ordinary firmness" from engaging in protected activity. As plaintiff notes, by failing to enforce district policies and permitting this harassment of plaintiff to continue, defendants "sent a message: should you choose to complain about racial harassment, we will not protect you, even while you are in school, from racially motivated, community backlash." Opp'n., at 14; see also Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1135 (9th Cir. 2003)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

(finding, on summary judgment and in analogous case of sexual orientation discrimination, that evidence that school district had "failed to enforce the District's disciplinary, anti-harassment and anti-discrimination policies to prevent physical and emotional harm to the plaintiffs" from other students was sufficient for a jury to reasonably find that the school district had discriminated against plaintiffs).[2]

Finally, plaintiff has adequately alleged that her protected activities were a substantial or motivating factor in defendant's conduct. "As with proof of motive in other contexts, this element of a First Amendment retaliation suit may be met with either direct or circumstantial evidence and involves questions of fact that normally should be left for trial." Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 979-80 (9th Cir. 2002). Motive may be proven circumstantially, based on allegations of the "(1) proximity in time between the protected speech and the alleged retaliation; (2) the [defendant's] expressed opposition to the speech; and (3) other evidence that the reasons proffered . . . were false and pretextual." Id. at 980. Here, plaintiff alleges that defendants' conduct followed almost immediately after her protected activities. Specifically, following plaintiff's initiation of her state suit, defendants temporarily suspended Carnine. Almost immediately thereafter, plaintiff alleges that students organized rallies against her and that defendants failed to take any steps to curtail or prevent these rallies. See id. at 980 (adverse actions "on the heels" of protected activity were "well within [the] time frames . . . sufficient . . . to infer discriminatory motive."). Moreover, plaintiff alleges that the conduct of her fellow students violated LAUSD's policies against harassment and that, in the ordinary course, defendants should have enforced those policies and curtailed the student rallies. See also Flores, 324 F.3d at 1135 (discriminatory intent found where school administrators did not follow District's

---

[2] Defendants contend that the allegations in the FAC indicate that defendants *did* take steps to protect plaintiff from community backlash. Specifically, they note that plaintiff has alleged that defendants conducted an investigation into Carnine's conduct and removed him, at least temporarily, from the classroom. However, these actions have no bearing on the student-led rallies which form the heart of plaintiff's First Amendment retaliation claim. And, with respect to the "investigation," plaintiff contends in the FAC that this investigation was wholly insufficient. In particular, plaintiff contends that defendants interviewed only seven students and, based solely on the responses of these students, determined that Carnine's conduct was appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

anti-harassment policies); Village of Arlington Heights v. Metro Hous. Dev. Corp., 429 U.S. 252, 267 (1977) ("Departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role."). And plaintiff alleges that, despite complaining to school administrators on two separate occasions about Carnine's comments, defendants largely ignored her complaints. FAC ¶¶ 42-43, 58-71. Taken together, these allegations are sufficient, at least for purposes of a motion pursuant to Rule 12(b)(6), to support a reasonable inference that plaintiff's protected activities were a substantial or motivating factor in defendants' conduct.[3]

Accordingly, plaintiff has stated a prima facie case of First Amendment retaliation and the Court, therefore, DENIES defendants' motion to dismiss this claim.

---

[3] Defendants contend that they were powerless to prevent the conduct of plaintiff's fellow students because to do so would have violated the First Amendment rights of those students. However, the Supreme Court has recognized that "the First Amendment Rights of students in the public schools are not automatically coextensive with the rights of adults in other settings." Hazelwood Sch. Dist v. Kuhlmeier, 484 U.S. 260, 266 (1988) (citations omitted). And, where a students act of expression "will substantially interfere with the work of the school or impinge upon the rights of *other students*" school administrators have the authority to restrain student speech. Id. (emphasis added and citations omitted). Moreover, plaintiff alleges that a large group of her fellow students held a rally in which they chanted hateful and racially charged statements directed at her. Notwithstanding the First Amendment rights of other students, plaintiff does have the right to be protected from peer-on-peer racial harassment of this sort where it interferes with her education. See also Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 10034 (9th Cir. 1998) ("A school where [peer-on-peer harassment] occurs unchecked is utterly failing in its mandate to provide a nondiscriminatory educational environment.") (citing 59 Fed. Reg. 11449 ("verbal harassment of a young child by fellow students that is tolerated or condoned in any way by adult authority figures is likely to have a far greater impact than similar behavior would on an adult.")). Accordingly, defendants' argument is unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

### C. Plaintiff's Fifth Claim—Violation of Equal Protection

Plaintiff's Fifth Claim is for violation of 42 U.S.C. § 1983 based on a violation of the Equal Protection Clause of the United States Constitution. This claim is asserted against defendant Perdigao and Iannucci. "To establish a § 1983 equal protection violation, the plaintiff[ ] must show that the defendants, acting under color of state law, discriminated against [her] as [a] member[ ] of an identifiable class and that the discrimination was intentional" or resulted from deliberate indifference. Flores, 324 F.3d at 1134. "In the specific context of a school administrator's failure to . . . discipline harassment at school, a defendant acts with deliberate indifference when he or she responds to known harassment in a manner that is clearly unreasonable." Walsh v. Tehachapi Unified Sch. Dist., 827 F. Supp. 2d 1107, 1116 (E.D. Cal. 2011). Here, plaintiff alleges that defendants Perdigao and Iannucci intentionally discriminated against her on the basis of her race when they retaliated against her for filing a state court complaint accusing defendants Carnine, LAUSD, and Paul Revere of racial discrimination.

The Supreme Court has held that retaliation for complaints of discrimination is itself intentional discrimination. See Jackson v. Bd. of Educ., 544 U.S. 167, 173-74 (2005) (holding retaliation for complaint of gender discrimination "is discrimination on the basis of sex because it is an intentional response to the nature of the complaint: an allegation of sex discrimination."). Here, plaintiff complained about racial discrimination, first internally, and then in the form of her state court suit. Plaintiff contends that, in response, and in retaliation, for her complaints, defendants Perdigao and Iannucci failed to protect her when students organized a rally against her following the suspension of Carnine. As stated *supra*, with respect to plaintiff's claim for First Amendment retaliation, the Court finds that plaintiff has adequately alleged that defendants' failure to protect her from the harassment of her peers was motivated, in significant part, by a desire to retaliate against her for filing her state court complaint. Accordingly, plaintiff has likewise plausibly stated a claim for intentional discrimination in violation of the Equal Protection Clause based on the retaliatory conduct of defendants Perdigao and Iannucci. See also Jackson, 544 U.S. at 173-174 ("Retaliation is, by definition, an intentional act. It is a form of 'discrimination' because the complainant is subjected to differential treatment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT, ET AL. | | |

The Court, therefore, DENIES defendant's motion to dismiss plaintiff's Fifth Claim.

## V. CONCLUSION

In accordance with the foregoing the Court **GRANTS** in part and **DENIES** in part defendants' motion to dismiss portions of plaintiff's first amended complaint. Specifically, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss plaintiff's Third Claim and **DENIES** defendants' motion to dismiss plaintiff's Fourth and Fifth Claims. Plaintiff is hereby granted **thirty(30) days** in which to file an amended complaint addressing the deficiencies identified herein. Failure to file an amended complaint may result in dismissal of plaintiff's Third Claim with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |