## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | July 13, 2017 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - HENNIG'S MOTION TO INTERVENE (Filed June 19, 2017, Dkt. 167)

The Court finds this motion appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78; CD. Cal. L.R. 7-15. Accordingly, the hearing date of July 17, 2017, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On March 17, 2017, plaintiff requested to substitute attorneys. Dkt. 92. Specifically, plaintiff filed a request to replace Rob Hennig (and Sam Brown, a member of the same firm) of Hennig Ruiz P.C. with Jonathan Nielsen of Nielson, Peterson, & Neilsen LLP. <u>Id.</u> On March 21, 2017, the Court granted the substitution. Dkt. 93.

On March 30, 2017, Rob Hennig and Hennig Ruiz P.C. (collectively "Hennig") filed a notice of lien against any judgment in plaintiff's favor. Dkt. 97 (the "Lien").

On or around May 1, 2017, the parties to the underlying action between plaintiff Jane Doe and defendants Los Angeles Unified School District, Paul Revere Charter Middle School and Magnet Center, Steven Carnine, Thomas Iannucci, and Christopher Perdigao reached a settlement. On May 1, 2017, the Court ordered counsel to file a motion for approval of the settlement. Dkt. 157.

On June 12, 2017, plaintiff filed an ex parte application to file her "Petition For Court Approval of the Compromise of Disputed Claim" (the "Petition") and a declaration by plaintiff's guardian ad litem, John Doe, regarding the Petition under seal. Dkt. 161.

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | July 13, 2017 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT ET AL. | | |

Hennig filed an opposition to the application to file under seal. Dkt. 163. In light of Jane Doe's age and the confidentiality of the parties' settlement agreement, the Court granted plaintiff's application to file under seal. Dkt. 166. Although the Court granted plaintiff's application to file the Petition and supporting declaration under seal, plaintiff has not done so.

On June 19, 2017, Hennig filed the instant motion to intervene and stay consideration of the Petition pending resolution of Hennig's motion to intervene. Dkt. 167. On June 27, 2017, plaintiff filed an opposition to Hennig's motion to intervene. Dkt. 168. On July 3, 2017, Hennig filed a reply. Dkt. 169.

Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

"It is wholly clear that the right to intervene in a civil action pending in a United States District Court is governed by Rule 24 and not by state law."[1] 7C Wright, Miller & Kane, Federal Practice and Procedure § 1905, p. 240 (2d ed.1986). Rule 24 requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. Proc. 24(c).

Hennig's motion is not accompanied by any such intervener's complaint. It is unclear whether Hennig seeks to challenge the confidentiality of the settlement between the parties[2] or whether Hennig contends that he is entitled to a contingency fee, quantum meruit, costs advanced on plaintiff's behalf, or some other undetermined amount of settlement proceeds. Accordingly, the Court will not permit Hennig to intervene in the absence of such pleadings. Hennig's motion is **DENIED without prejudice**.

---

[1] Hennig's motion purports to be based upon California Code of Civil Procedure § 387.

[2] Much of Hennig's motion is directed at whether it was entitled to receive a copy of the Petition or know details of the parties' settlement agreement.

**CIVIL MINUTES – GENERAL**　　　**'O'**

| Case No. | 2:16-cv-00305-CAS(JEMx) | Date | July 13, 2017 |
|---|---|---|---|
| Title | JANE DOE V. LOS ANGELES UNIFIED SCHOOL DISTRICT ET AL. | | |

     In an effort to preserve judicial resources, the Court notes that plaintiff's Petition argues that, among other things, Hennig is not entitled to collect a contingency fee. Additionally, although the parties have settled this action, the defendants oppose the Petition because of Hennig's lien. See dkt. 164-1. Thus, it may, pending a properly noticed and supported motion, be appropriate to permit Hennig to intervene in this matter. See Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989), aff'd sub nom. Venegas v. Mitchell, 495 U.S. 82, 110 S. Ct. 1679, 109 L. Ed. 2d 74 (1990) (district court abused its discretion by not permitting a former attorney to intervene where it subsequently made rulings affecting that attorney's entitlement to contingency fees).

     In light of the foregoing, Hennig and plaintiff are ordered to meet and confer about whether a properly noticed motion to intervene is necessary to settle the parties' fee dispute. If it is, then Hennig may file such a motion and attempt to demonstrate that the requirements of Rule 24 are met.

## III. CONCLUSION

     Hennig's motion is **DENIED without prejudice.**

     IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |